## ARKANSAS STATE HIGHWAY COMMISSION *v.* HELEN B. DALRYMPLE

5-5845                                          480 S.W. 2d 955

### Opinion delivered June 5, 1972

*Thomas B. Keys* and *James N. Dowell,* for appellant.

*Tompkins, McKenzie & McRae,* for appellee.

CONLEY BYRD, Justice. For reversal of a judgment upon a jury verdict in this eminent domain action, appellant Arkansas State Highway Commission contends that the trial court erred in refusing to strike veniremen Easterling and Rowe for cause and in refusing to permit dirt sales by appellee Helen B. Dalrymple to a highway construction contractor to be offset as special benefits. We find no error.

Appellant's challenge to venireman Easterling was made because the voir dire examination showed that he had an opinion of real estate values in the area and because he knew one of the prospective witnesses. The challenge to venireman Rowe was on the basis that he also knew one of the prospective witnesses. After the challenges were overruled the panel was completed and each side, pursuant to Ark. Stat. Ann. Sec. 39-229 (Repl. 1962), struck three names. Appellant struck the names of

Easterling, Rowe and one other but made no showing that he would have struck the name of any other juror if he had had a peremptory challenge left. Under such circumstances we hold that appellant has shown no prejudice. See *Roark Transportation, Inc.* v. *West,* 188 Ark. 941, 68 S.W. 2d 1000 (1934), and *Collins* v. *State,* 102 Ark. 180, 143 S.W. 1075 (1912). It has been suggested that perhaps *Ark. State Highway Commission* v. *Young,* 241 Ark. 765, 419 S.W. 2d 120 (1967), states a contrary rule. We do not so interpret the decision which cited as authority *Collins* v. *State, supra,* where the rule was recognized. As was pointed out in *Mabry* v. *State,* 50 Ark. 492, 8 S.W. 823 (1888), the right of peremptory challenges is conferred as a means to reject jurors—not to select jurors, and until such time, as a party is forced to take an objectionable juror without the privilege of exercising a peremptory challenge, he has shown no prejudice. *Green* v. *State,* 223 Ark. 761, 270 S.W. 2d 895 (1954). Here, as in the *Roark Transportation* case, appellant does not contend that any of the jurors who served were disqualified. Consequently appellant has shown no prejudicial error.

There is no merit in appellant's contention that it was entitled to offset fill dirt sales to a highway construction contractor as a special benefit. In *Arkansas State Highway Commission* v. *Davis,* 245 Ark. 813, 434 S.W. 2d 605 (1968), we denied a similar contention. In doing so we pointed out that before a benefit could be offset, it must be a benefit accruing to the property from the completed highway, *i.e.,* a benefit from the improvement.

Affirmed.