Leroy HAIR *v.* STATE of Arkansas

CR 79-131                                                     587 S.W. 2d 34

Opinion delivered October 1, 1979
(Division II)

*John W. Achor,* Public Defender, by: *Dewey Fitzhugh,* Deputy Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Robert J. DeGostin, Jr.,* Asst. Atty. Gen., for appellee.

CONLEY BYRD, Justice. Pursuant to jury verdicts, appellant Leroy Hair was given consecutive sentences of 5 years for kidnapping, 10 years for first degree battery and 40 years for rape. For reversal he raises the issues hereinafter discussed.

The record shows that appellant was the boyfriend of the victim's sister. While the victim was baby sitting for her sister, appellant broke into the apartment, struck the victim over the head and shot her in the shoulder. He then told the children that he was going to take the unconscious victim to the hospital. When the victim regained consciousness she was in appellant's car at Sweet Home. When the victim was later examined at the hospital the tests performed to determine whether male sperms were in the victim's vagina proved positive. The victim testified that she had not consciously had intercourse with a man in the last 30 days.

POINT I. Upon the foregoing evidence, we hold that the trial court correctly denied appellant's motions for a directed verdict upon the rape and kidnapping charges.

POINT II. Count III of the information charged appellant with the "crime of violating Ark. Stat. Ann. § 41-1803, RAPE, committed as follows to-wit: the said defendant . . . did unlawfully and feloniously engage in sexual intercourse with Eartha Phillips, by forcible compulsion against the peace and dignity of the State of Arkansas." After the proof at trial showed that the victim was unconscious from being struck on the head and shot in the shoulder at the apartment until she regained consciousness at Sweet Home, the trial court in addition to instructing the jury on "forcible compulsion" also instructed the jury on rape where the victim is "incapable of consent because he is physically

helpless" in accordance with Ark. Stat. Ann. § 41-1803(1)(b). Since the proof came in without objection, we cannot say that the trial court abused its discretion in giving the instruction over appellant's objection. See Ark. Stat. Ann. § 43-1006 (Repl. 1977). Furthermore, appellant has not shown any prejudice from the court's action.

POINT III. Appellant contends that the trial court erred in not instructing the jury on Sexual Abuse in the first degree, Ark. Stat. Ann. § 41-1808 (Repl. 1977), which provides: "(1) a person commits sexual abuse in the first degree if: (a) he engages in sexual contact with another person by forcible compulsion ... ." We find no merit to this contention because under the proof the victim was either raped or not raped. See Ark. Stat. Ann. § 41-105 (3) (Repl. 1977).

POINT IV. Since the trial court instructed the jury upon battery in the first degree and battery in the second degree and the jury returned a verdict finding appellant guilty of battery in the first degree, any alleged error of the court in refusing to instruct on battery in the third degree is rendered harmless by the jury's verdict.

Affirmed.

We agree: HARRIS, C.J., HOLT and PURTLE, JJ.