Otha Lee CONLEY *v.* STATE of Arkansas

CR 80-7                                                607 S.W. 2d 328

Supreme Court of Arkansas
Opinion delivered October 27, 1980
Rehearing denied December 8, 1980

*Harold L. Hall*, for appellant.

*Steve Clark*, Atty. Gen. by: *Mary Davies Scott*, Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. Otha Lee Conley was convicted of burglary, kidnapping, aggravated robbery, and two counts of rape. He was sentenced by the Pulaski County Circuit Court to a total of 120 years imprisonment. On appeal he argues that four errors were committed during his trial: The judge failed to excuse a prospective juror for cause; an in-

struction was improperly denied; the defendant was denied a speedy trial; and, the defendant was twice placed in jeopardy.

The testimony reflects that early on the morning of July 24, 1978, Conley entered a Little Rock residence, forced a twenty-one year old female at knife-point to leave the residence, raped her three times, twice by sexual intercouse and once by forcing her to perform an act of oral sex on him. (He was only charged with two counts of rape.)

The first error alleged in that the judge failed to excuse for cause a prospective juror who indicated bias. When questioned, the prospective juror said he knew of a similar rape case where the defendant was "let off" and this could affect his judgment. He indicated that it would be hard for him to be unbiased and if it came to a fifty-fifty proposition he did not believe that he could lean toward the defendant. After these statements were made the trial judge questioned this venireman and somewhat rehabilitated him, denying a motion to dismiss for cause. The defense excused this prospective juror, using one of its peremptory challenges. This prospective juror should have been excused for cause. The candid answers could not be overcome by routine responses, upon prompting by the court, to the effect that the evidence could be fairly weighed. While a trial court should never hesitate to clear up uncertainties created by *voir dire* examinations, there is a point beyond which a prospective juror cannot be rehabilitated. This was one of those cases.

Despite the judge's failure to excuse, Conley's counsel accepted the twelve jurors who were ultimately seated; he had exhausted his peremptory challenges but he made no showing at all that he was forced to accept any juror against his wishes. In two cases exactly on point we found no reversible error when a peremptory challenge was used and the record failed to disclose that an undesirable juror was forced on the objecting party. *Arkansas State Highway Comm.* v. *Dalrymple*, 252 Ark. 771, 480 S.W. 2d 955 (1972); *Green* v. *State*, 223 Ark. 761, 270 S.W. 2d 895 (1954). In *Glover* v. *State*, 248 Ark. 1260, 455 S.W. 2d 670 (1970) the defense used some of its peremptory challenges to remove unacceptable

veniremen, but the defense made a record that had it not been required to use all of its peremptory challenges, a particular juror who was seated would have been challenged. In *Glover* we found that the error had been preserved and reversed the judgment.

The second argument to us is that the trial court improperly refused to give an instruction approved by the Court of Appeals for the District of Columbia in *U.S.* v. *Telfaire*, 469 F. 2d 552 (D.C. Cir. 1972). The trial court was proper in rejecting this proffered instruction for two reasons. First, the instruction contains comments on the evidence. This is a practice permitted in federal court but not in Arkansas. Ark. Const. art. 7, § 23. Second, the instruction concerned the weight to be given to identification testimony, a subject not covered by the Arkansas Model Jury Instructions on criminal law. The purpose of the Model Jury Instructions is to provide a uniform set of instructions that any trial court can use in any trial to avoid confusing jurors. Just because an offered instruction contains a correct statement of law does not mean it is error for a trial court to refuse to give it. In *Wharton* v. *Bray*, 250 Ark. 127, 464 S.W. 2d 554 (1971), we discussed the use of AMI instructions in civil cases. We said:

> [T]he trial court did not err in rejecting this particular instruction even if it is a correct one. . . . The [Per Curiam Order of April 19, 1965] . . . implicitly requires the parties to request an applicable AMI (modified if necessary) or, upon tendering a substitute instruction to state into the record the reasons for which they believe that the AMI is inadequate or inaccurately states the law.

In approving the Arkansas Model Criminal Instructions in a Per Curiam opinion issued January 29, 1979, we said:

> If Arkansas Model Criminal Instructions (AMCI) contains an instruction applicable in a criminal case, and the trial judge determines that the jury should be instructed on the subject, the AMCI instruction shall be used unless the trial judge finds that it does not accurately state law. In that event he will state his reasons

for refusing the AMCI instruction. Whenever AMCI does not contain an instruction on a subject upon which the trial judge determines that the jury should be instructed, or when an AMCI instruction cannot be modified to submit the issue, the instruction on that subject should be simple, brief, impartial, and free from argument.

At Conley's trial the court gave standard instructions on reasonable doubts and credibility of the witnesses. The victim testified that she was with her assailant for a period of approximately one hour, recognized his voice, and had an opportunity to see him. The defense counsel was able to argue to the jury the lack of accuracy and the weight to be given to her identification testimony.

The test to be applied in a criminal case on whether it is error to refuse an instruction was recited in *Henderson* v. *Kibbe*, 431 U.S. 145 (1977). That test is: Does the omission infect the entire trial so that the resulting conviction violates due process? In *Henderson* the court pointed out that the burden of showing prejudice is much heavier where an instruction on a subject is omitted than it is where an erroneous instruction is given because "An omission, or an imcomplete instruction, is less likely to be prejudicial than a misstatement of the law." There, as here, the court considered the fact that the content of the missing instruction had been covered completed in the arguments of counsel, and consequently, found no prejudice.

Conley also argues that the case should have been dismissed because he was denied a speedy trial. Actually, the argument is based on a misconception of Rule 28.1(a), Arkansas Rules of Criminal Procedure. That rule provides that a criminal defendant may be released from jail if he is not tried within nine months; but the rule does not provide that he is entitled to an absolute discharge. *Wallace* v. *State*, 270 Ark. 17, 603 S.W. 2d 399 (1980). Conley was charged September 19, 1978, and tried September 14 and 15th, 1979. Three terms of court had not passed during this period of time — a fact that would have entitled Conley to be absolutely discharged. Since Conley made no motion to be

released from jail and since three terms of court had not passed, he is not entitled to relief pursuant to Rule 28.1(a).

Finally, Conley argues that he was placed in double jeopardy because of consecutive sentences imposed upon him. Actually, his argument is that his conduct was a continuing course of conduct and he could not be sentenced consecutively for burglary, kidnapping, aggravated robbery, and two counts of rape. The test is whether the same act of transaction constitutes a violation of each separate offense. *Irby* v. *United States*, 250 F. Supp. 983 (D.C. Cir., 1965). Every allegation was for a separate crime and the proof went to separate crimes. The burglary related to entering the residence. He stole the $10.00 while using a knife. He took the victim from the residence and forced her to another place. He raped her by sexual intercourse and then later required her to perform a separate act of oral sex on him, which is also considered rape. This sort of misconduct is not the "continuing course of conduct" that the criminal code refers to. The examples given of offenses that would amount to uninterrupted conduct are nonsupport and promoting prostitution. Ark. Stat. Ann. § 41-105, Commentary. The criminal code does not excuse a defendant for multiple crimes committed during an escapade; at the same time it does not permit multiple punishment for an offense that is simply cumulative.

Conley's argument that because the burglary and kidnapping charges each required a finding that a felony had been committed, this necessarily made a merger of these charges. This argument must fail. Obviously one can commit theft in conjunction with burglary and one can commit rape as well as kidnapping. They are distinct offenses for which one can be charged, convicted and sentenced.

Affirmed.