Clifton James WILLIAMS v. STATE of Arkansas

CA CR 81-153                                    632 S.W.2d 235

Court of Appeals of Arkansas
Opinion delivered April 28, 1982
[Rehearing denied May 26, 1982.*]

*GLAZE, J., would grant rehearing.

*Richard E. Holiman,* for appellant.

*Steve Clark,* Atty. Gen., by: *William C. Mann, III,* Asst. Atty. Gen., for appellee.

MELVIN MAYFIELD, Chief Judge. Appellant was convicted in a jury trial of aggravated robbery and a sentence of ten years imprisonment imposed. We affirm.

The robbery occurred on January 9, 1981. Three days later the three victims were taken to the North Little Rock Police Department to look through 300-400 photographs on file. All three of them selected a photograph of the appellant which they identified as the robber. The picture was several years old and it was suggested that the police attempt to obtain a more recent one. Two or three days later the victims viewed two recent photographs of the appellant and he was positively identified by each of them as the man who committed the robbery.

These two photographs were again displayed to the victims during a discussion with the prosecuting attorney the day before trial. At an in-chambers hearing on the day of the trial, appellant's counsel moved to suppress the anticipated in-court identification. In overruling the motion the court ruled that the victims could testify to their first out-of-court photographic identification but not to the one made the day before trial.

During the trial the victims identified the appellant in court and testified to the first out-of-court photographic identification. On cross-examination they testified about the photographic identification made the day before trial.

*Pretrial Identification*

The appellant contends that the trial court was in error in its ruling on his motion to suppress the victims' in-court identification. It is his argument that there was an inadequate pretrial hearing by the court; a denial of the right to counsel at the viewing of the photographs the day before trial; and an impermissibly suggestive out-of-court identification.

In *Stovall* v. *Denno,* 388 U.S. 293 (1967), the court said that an out-of-court identification which is so unnecessarily suggestive that there is a substantial likelihood of mistaken

identification is a denial of due process of law in violation of the Fourteenth Amendment to the United States Constitution. And the court explained that "a claimed violation of due process of law in the conduct of a confrontation depends on the totality of the circumstances surrounding it." In *Manson* v. *Brathwaite,* 432 U.S. 98 (1977), the court said "reliability is the linchpin in determining the admissibility of identification testimony" and that the factors to be considered include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty at the confrontation, and the time between the crime and the confrontation. These same factors were applied by the Arkansas Supreme Court in *Beed* v. *State,* 271 Ark. 526, 541, 609 S.W. 2d 898 (1980).

In *United States* v. *Wade,* 388 U.S. 218 (1967), the defendant was exhibited to witnesses before trial in a lineup conducted after indictment and without notice to his attorney. The court held this was a critical stage in the proceedings and that the Sixth Amendment right to counsel required the suppression of the lineup identification conducted in the absence of his counsel. The court said that any in-court identification made by a witness at the lineup would also have to be suppressed unless the prosecution could establish by clear and convincing evidence that the in-court identification was based upon observation other than at the lineup. This rule was followed by the Arkansas Supreme Court in *Sims* v. *State,* 258 Ark. 940, 530 S.W. 2d 182 (1975) and *Rowe* v. *State,* 271 Ark. 20, 607 SW. 2d 657 (1980).

In *United States* v. *Ash,* 413 U.S. 300 (1973), the court held that there is no Sixth Amendment right to counsel at the showing of a suspect's photograph either before or after commencement of prosecution. The court said that a substantial departure from the traditional Sixth Amendment right to counsel would be necessary to require counsel at a photographic identification made by a witness prior to trial. This is because the accused is not present at the time of the photographic display and there is no possibility that he

might be misled by lack of familiarity with the law or overpowered by a professional adversary.

*Ash* has been followed by the Arkansas Supreme Court in *Synoground* v. *State*, 260 Ark. 756, 543 S.W. 2d 935 (1976) and *Fountain* v. *State*, 273 Ark. 457, 620 S.W. 2d 936 (1981).

The cases cited above demonstrate, we think, that the absence of counsel at the viewing of the photographs the day before trial does not require a reversal of this case. As to any impermissibly suggestive out-of-court identification, we think the state's evidence was adequate to meet the test set out in *Manson* v. *Brathwaite*. The victims had ample opportunity to observe the appellant at the time of the crime; their attention was focused on him for a substantial period of time; they picked his picture out of a large number of photographs and, after they observed the more recent photographs, they were positive of their identification; only a few days elapsed between the crime and the identification of the photographs; and the defendant, who testified that he was 6′4″ tall and weighed around 273 lbs., was described by each of the victims as a "big man."

We think this evidence was sufficient to establish that the victims' identification derived from a source independent of the photographic identification made on the day before trial. In *Watkins* v. *Sowders*, 449 U.S. 341 (1981), the court held that the due process clause of the Fourteenth Amendment does not require a state court to hold a hearing outside the presence of the jury in every case where a defendant contends there was an improper identification. Thus, in the instant case, since the evidence introduced by the state was admissible, no prejudice could have resulted to the appellant and there was no error with regard to the adequacy of the in-chambers hearing.

### Requested Instruction

Appellant's second allegation is that the trial court erred in refusing to give a requested instruction to the jury as to their consideration of the eyewitness identification testimony. The requested instruction was specifically ap-

proved by the federal court in *United States* v. *Telfaire*, 469 F. 2d 552 (D.C. Cir. 1972).

However, Arkansas dealt specifically with this question in *Conley* v. *State*, 270 Ark. 886, 607 S.W. 2d 328 (1980), wherein it was held the trial court was correct in refusing to give the *Telfaire* instruction for two reasons:

> First, the instruction contains comments on the evidence. This is a practice permitted in the federal courts but not in Arkansas. . . . Second, the instruction concerned the weight to be given to identification testimony, a subject not covered by the Arkansas Model Jury Instructions on criminal law.

### Circumstantial Evidence

Appellant's final point for reversal is that the trial court erred in instructing the jury to consider circumstantial evidence. He contends the giving of AMCI 106 may have caused the jury to consider the evidence in a light unfavorable to him. This argument was rejected in *Slavens* v. *State*, 1 Ark. App. 245, 614 S.W. 2d 529 (1981).

In cases in which the state relies in part on circumstantial evidence the court must instruct the jury that such circumstantial evidence "must be consistent with the guilt of the defendant and inconsistent with any other reasonable conclusion", *Ruiz & Van Denton* v. *State*, 265 Ark. 875, 582 S.W. 2d 915 (1979). The trial court gave this required instruction and thus we find no error.

GLAZE, J., dissents as to Point #1.