Jimmy Lee WESSON *v.* STATE of Arkansas

CA CR 82-7 633 S.W.2d 713

Court of Appeals of Arkansas
Opinion delivered June 2, 1982

*William R. Simpson, Jr.,* Public Defender, and *Howard Koopman,* Deputy Public Defender, by: *Carolyn P. Baker,* Deputy Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *William C. Mann, III,* Asst. Atty. Gen., for appellee.

MELVIN MAYFIELD, Chief Judge. The jury found appellant guilty of burglary. In the penalty phase of his bifurcated trial, evidence was introduced to show that he had previously been convicted of sexual abuse, false imprisonment and theft by receiving and the jury was told a finding of at least two previous felony convictions would authorize a sentence under the provisions of the habitual offender statute, Ark. Stat. Ann. § 41-1001 (Repl. 1977). Apparently, this statute was used because it was the one in effect at the time of the commission of the burglary. See *Easley* v. *State,* 274 Ark. 215, 623 S.W.2d 189 (1981) and *Sims* v. *State,* 262 Ark. 288, 556 S.W.2d 141 (1977).

At any event, the only issue raised on appeal is the contention that these prior convictions arose from one continuing course of conduct, in essence one criminal episode, and as they were not separate occurrences, the trial

court should have considered them as only one conviction for the purpose of applying the habitual offender statute.

The only evidence in the record in this regard is the information in which all three crimes are alleged to have occurred on the same day with the same woman alleged to have been the victim of what the jury found to be sexual abuse and false imprisonment. Assuming, however, that the evidence was sufficient to raise the point, we do not agree with appellant on its merits.

Appellant argues that the Arkansas legislature intended to encourage the treatment of one continuous course of conduct as a single offense and suggests this intent is reflected in Ark. Stat. Ann. § 41-1001 (3) which provides that "a conviction or finding of guilt of burglary and of the felony that was the object of the burglary shall be considered a single felony conviction or finding of guilt." In the first place, this is the only instance in the habitual offender act where the legislature specifically provided for two convictions to be treated as one. Had it intended for other convictions to be so counted it could have so provided. And in the second place, contrary to appellant's suggestion, the purpose of the provision seems clearly limited as the commentary to the section explains:

> Although prior to the Code's enactment most circuit judges treated convictions for burglary and grand larceny as a single prior conviction for purposes of habitual offender sentencing, a few apparently considered such a disposition to constitute two convictions. To achieve some parity of treatment in calculating the number of prior convictions, subsection (3) consolidates a burglary and the offense that was its object into a single felony conviction for habitual offender purposes.

Neither do we accept appellant's argument that the three prior convictions constituted one continuous course of conduct. As noted in *Britt* v. *State*, 261 Ark. 488, 549 S.W.2d 84 (1977), examples of this type of offense would be nonsupport, promoting prostitution, erecting or maintain-

ing a gate across a public highway, and obtaining a license from a state medical board by false or fraudulent representations. Other examples taken from *Corpus Juris Secundum* and set out in *Britt* are: "carrying concealed weapon; continuous keeping of a gaming or a disorderly house; desertion and neglect to provide for family; embezzlement; engaging in business without license; maintaining nuisance; offenses relating to intoxicating liquors; and a conviction for violating a Sunday law."

Appellant's prior convictions do not meet the continuous-course-of-conduct criteria set out in *Britt*. Also, in *Conley* v. *State*, 270 Ark. 886, 607 S.W.2d 328 (1980), the court said "the criminal code does not excuse a defendant for multiple crimes committed during an escapade."

We affirm.