**Leroy HAIR, Appellant,**

v.

**A.L. LOCKHART, Director, Arkansas Dept. of Correction, Appellee.**

**No. 83–2624.**

United States Court of Appeals, Eighth Circuit.

Submitted April 16, 1984.

Decided May 17, 1984.

Steve Clark, Atty. Gen., by A. Carter Hardage, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Gregory E. Bryant, Little Rock, Ark., for appellant.

Before ROSS, McMILLIAN and FAGG, Circuit Judges.

PER CURIAM.

Leroy Hair appeals from a final judgment of the District Court [1] for the Eastern District of Arkansas denying his petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. For reversal Hair argues that the district court erred in (1) holding that his convictions for rape and kidnapping did not subject him to double jeopardy and (2) refusing to appoint counsel under 18 U.S.C. § 3006A(g) to assist him in preparing a petition for writ of habeas corpus. For the reasons discussed below, we affirm.

Hair was convicted in Arkansas state court of rape, kidnapping and first degree assault. The Arkansas Supreme Court affirmed the conviction. *Hair v. State,* 266 Ark. 583, 587 S.W.2d 34 (1979). Hair argues that he was placed twice in jeopardy for the same offense because kidnapping was a lesser included offense of rape. The double jeopardy clause prohibits multiple punishments for the same offense. *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). The Arkansas Supreme Court has found that rape and kidnapping "are distinct offenses for which one can be charged, convicted and sentenced." *Conley v. State,*

270 Ark. 886, 607 S.W.2d 328, 331 (1980). *See Beed v. State,* 271 Ark. 526, 609 S.W.2d 898, 910 (1980). We are bound to accept the Arkansas court's construction of that state's statutes. *See Missouri v. Hunter,* 459 U.S. 359, 367, 103 S.Ct. 673, 679, 74 L.Ed.2d 535 (1983). Because Hair was sentenced for committing separate offenses, the district court did not err in finding that Hair's convictions for rape and kidnapping did not violate the double jeopardy clause. We find nothing in the record indicating that the district court abused its discretion in denying Hair's motion for appointment of counsel on his petition for writ of habeas corpus.

Accordingly, the judgment of the district court is affirmed.[2]

---

1. The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

2. During the pendency of this appeal, appellant filed a *pro se* motion for removal of appointed counsel and for appointment of new counsel. Appellant disagrees with his appointed counsel's decision not to raise in this appeal a claim that appellant's state trial counsel was ineffective for failure to raise the double jeopardy issue. It appears that this claim of ineffective assistance of counsel was raised and resolved against appellant in a prior habeas corpus petition. *See Hair v. Lockhart,* No. PB–C–83–180, slip op. at 1 (E.D.Ark. Nov. 16, 1983), *citing Hair v. Housewright,* No. PB–C–80–27 (E.D.Ark. Apr. 29,

1981). Moreover, in view of our disposition of the double jeopardy issue, appellant clearly cannot establish the requisite actual prejudice. Counsel and client may occasionally disagree about the handling of litigation. *Cf. Jones v. Barnes,* —— U.S. ——, 103 S.Ct. 3308, 3312–14, 77 L.Ed.2d 987 (1983) (defense counsel assigned to prosecute appeal from criminal conviction does not have constitutional duty to raise every nonfrivolous issue requested by defendant); *but cf. id.* at 3314–19 (Brennan, J., dissenting) (right to assistance of counsel includes right, personal to defendant, to make particular decision, even if against advice of counsel). Appellant's motion for removal of appointed counsel and for appointment of new counsel is denied.