Dennis P. GLICK, Appellant,

v.

A.L. LOCKHART, Director, Arkansas Department of Corrections, Appellee.

No. 84–2452.

United States Court of Appeals, Eighth Circuit.

Submitted June 13, 1985.

Decided Aug. 16, 1985.

Marva Davis, Little Rock, for appellant.

Theodore Holder, Asst. Atty. Gen., Little Rock, for appellee.

Before McMILLIAN and ARNOLD, Circuit Judges, and SACHS,* District Judge.

ARNOLD, Circuit Judge.

Dennis P. Glick was convicted in the Circuit Court of Jefferson County, Arkansas, of burglary, aggravated robbery, and two counts of theft of property. He was sentenced as a habitual offender under Ark. Stat.Ann. § 41–1001 (Repl.1977) to a total of 120 years' imprisonment. He attacks these convictions in a habeas petition, arguing that: (1) it was error to allow the prosecutor to amend the information, changing the number of prior convictions to be used to enhance the sentence under the habitual-criminal statute from "two or more" to six; (2) his trial counsel in state court was ineffective; and (3) he "was con-

* The Hon. Howard F. Sachs, United States District Judge for the Western District of Missouri, sitting by designation.

victed of multiple violations for an uninterrupted course of conduct."[1] He says that the District Court[2] erred in dismissing his petition without a hearing. We affirm.

■ There is no merit to Glick's claim that it was error for the trial court to allow the prosecution to amend the information on the morning of trial. The state amended the information to specify the number of prior convictions because the Arkansas Supreme Court had recently held that allegations of prior convictions are like essential elements of a crime, and only those alleged can be used. See *Clinkscale v. State*, 269 Ark. 324, 326, 602 S.W.2d 618, 619 (1980). Glick claims that had he known earlier, he could have objected to some of the convictions alleged because appeals of some sort were pending on them. The oral notice given Glick's attorney several days before trial was insufficient, he argues, because the attorney did not know of Glick's objections. As discussed below, however, his objections have no basis in Arkansas law.

■ In a related argument, Glick says his attorney was ineffective because the attorney did not notify him of the State's intention to amend the information. The attorney did object to the amendment, however, arguing that it was error for an amended information to be filed on the morning of trial. His objection to one of the convictions on the ground that it was on appeal (apparently a direct appeal) was sustained. Glick argued before this Court that if he had received personal notice, his attorney would have been able to object to other convictions on the ground that collateral proceedings were pending with respect to them.[3] Even if Glick's attorney had objected, however, there was no legal basis for sustaining such an objection. In fact, even the objection to the conviction on di-

rect appeal should have been overruled. The Arkansas Court of Appeals has held recently that "[f]or enhancement purposes, … convictions, though pending on some sort of appeal [are] final." *Hill v. State*, 13 Ark.App. 307, 310, 683 S.W.2d 628, 630 (1985). So even if counsel had objected to the use of the convictions, the objection would have been without merit. Glick was therefore not legally prejudiced by his lawyer's failure to interpose any such objection. There is a chance, we suppose, that if the objection had been made the state Circuit Court would have erroneously sustained it, but we decline to hold that failure to make an argument that we can now say with certainty lacked merit can be ineffective assistance of counsel for purposes of the Sixth and Fourteenth Amendments.

■ Glick's uninterrupted-course-of-conduct argument is equally unavailing. The Arkansas legislature has specified only one instance where two convictions may be treated as one for purposes of the habitual-criminal statute. Ark.Stat.Ann. § 41–1001(3) provides that a conviction of burglary and the felony that was the object of the burglary shall be considered a single felony conviction. The State legislature did not intend for any other convictions to merge for purposes of recidivist treatment. See *Wesson v. State*, 5 Ark.App. 154, 633 S.W.2d 713 (1982). "The criminal code does not excuse a defendant for multiple crimes committed during an escapade," *Wesson v. State* 5 Ark.App. at 157, 633 S.W.2d at 714, quoting *Conley v. State*, 270 Ark. 886, 607 S.W.2d 328 (1980). Thus, Glick has not shown even an error of state law, let alone a violation of the federal Constitution, which he must prove in order to obtain relief on habeas corpus.

**1.** A previous habeas petition challenging these convictions was dismissed. *Glick v. Lockhart*, No. PB–C–82–73 (E.D.Ark. May 26, 1982) (Howard, J.), and an appeal was dismissed as frivolous, No. 82–1714 (8th Cir. Aug. 13, 1982). Because we affirm the dismissal of the present petition on the merits, it is unnecessary to consider whether the present, successive petition is an abuse of the writ, as the State argues.

**2.** The Hon. Henry Woods, United States District Judge for the Eastern District of Arkansas.

**3.** It is unclear which conviction or convictions were involved in collateral proceedings. Glick has not provided us with these particulars.

We are grateful to Glick's appointed counsel for her able services on this appeal.

Affirmed.