Stephen Craig DOLLAR *v.* STATE of Arkansas

CR 85-168                                            697 S.W.2d 93

Supreme Court of Arkansas
Opinion delivered October 14, 1985

*John Wesley Hall, Jr.*, for appellant.

*Steve Clark*, Att'y Gen., by: *Connie Griffin*, Asst. Att'y Gen., for appellee.

GEORGE ROSE SMITH, Justice. In appealing from a DWI conviction Dollar argues that a prospective juror should have been excused for cause and that a blood alcohol test by means of a device called an Intoxilyzer does not satisfy the statutory requirement of being a "chemical analysis." Ark. Stat. Ann. § 75-1031.1 (Supp. 1985). It is the latter contention that brings the case to us under Rule 29(1)(c). Neither point has merit.

The juror in question was peremptorily challenged by the accused after the trial judge had refused a challenge for cause. In the selection of the jury the defense exhausted its peremptory challenges, but the record does not show that Dollar was forced to accept any juror against his wishes. In that situation there was no

reversible error. *Conley* v. *State*, 270 Ark. 886, 607 S.W.2d 328 (1980).

The Intoxilyzer showed Dollar's blood alcohol level to be .17%. Although the use of an Intoxilyzer had been approved by the State Board of Health and this particular device and its operator were properly certified, it is argued that the process was not a chemical analysis, which the statute contemplates. In making this argument the appellant relies upon the description of an Intoxilyzer as set forth in a widely used treatise, Defense of Drunk Driving Cases, § 24A.01 (3d ed. 1985). There the authors explain that alcohol absorbs infrared energy. The Intoxilyzer passes an infrared light beam through the sample of accused's breath that he has blown into the device. The Intoxilyzer measures the amount of infrared energy that is absorbed by the alcohol vapor and converts that figure into a blood alcohol reading.

■ Whether an Intoxilyzer makes a chemical analysis appears to have been decided in only three reported cases, all in trial courts. Every one of the cases upheld the test as being a chemical analysis. *State* v. *Moore*, 307 A.2d 548 (Del. Super. 1973); *People* v. *Jones*, 118 Misc.2d 687, 461 N.Y.S.2d 962 (Co. Ct. 1983); *City of Dayton* v. *Schenck*, 63 Ohio Misc. 14, 409 N.E.2d 284 (Ohio Mun. Ct. 1980). We agree with their reasoning. Chemistry is the science that treats of the composition of substances and of the transformations which they undergo. Webster's Second New International Dictionary (1939). That accurately describes what the Intoxilyzer does in analyzing a breath sample for its alcoholic content. As the cases observe, the process is not "wet chemistry," but it is nonetheless chemistry. Defense counsel argues that the legislature could easily have used some other language in the 1983 statute. Perhaps so, but the draftsmen of the statutory language exercised good judgment in leaving exact details to the discretion of the Board of Health. As this case illustrates, the Board has been able to make use of scientific methods of analysis that have been developed since the statutory language was first selected a number of years ago. The draftsmen's choice of language readily withstands the attack now made upon it.

Affirmed.

PURTLE, J., not participating.