Tony NOEL *v.* STATE of Arkansas

CA CR 88-282 771 S.W.2d 325

Court of Appeals of Arkansas
En Banc
Opinion delivered June 14, 1989

*Green & Henry*, by: *J.W. Green, Jr.*, for appellant.

*Steve Clark*, Att'y Gen., by: *R.B. Friedlander*, Solicitor General, for appellee.

DONALD L. CORBIN, Chief Judge. This appeal comes to us from Arkansas County Circuit Court. Appellant, Tony Noel, appeals from his convictions of aggravated robbery, a violation of Arkansas Code Annotated Section 5-12-103 (1987) and theft of property, a violation of Arkansas Code Annotated Section 5-36-103 (Supp. 1987). Appellant was tried before a jury and sentenced to twenty years in the Department of Correction on the aggravated robbery count as an habitual offender and one year in the county jail on the theft of property count. The sentences were to run consecutively. We affirm.

In his only point for reversal, appellant argues that the court erred in not excusing for cause Ms. Melanie Raines, daughter of the Stuttgart mayor, thereby requiring appellant to exercise a peremptory challenge which resulted in his having to accept a juror over objection after he used all of his allowed peremptory challenges. In order to preserve his point for appeal it

must appear from the record that the trial court should have excused the juror for cause. The record must also show that appellant exhausted his peremptory challenges and showed prejudice in that he was forced to accept a juror against his wishes. *Gardner* v. *State*, 296 Ark. 41, 754 S.W.2d 518 (1988).

 Appellant argues that because of Ms. Raines' father's position as city mayor and city police involvement in the case, she was biased and should have been excused for cause. Implied bias is a particular cause of challenge and those relationships that would give rise to such excuse for cause are described by statute; however, Ms. Raines is not a party to any of the relationships listed therein. *See* Arkansas Code Annotated § 16-33-304 (1987). When actual bias is in question, the qualification of a juror is within the sound discretion of the trial judge because he is in a better position to weigh the demeanor of the prospective juror's response to the questions on *voir dire*. Jurors are assumed to be unbiased and the burden of demonstrating actual bias is on the appellant. *Linell* v. *State*, 283 Ark. 162, 671 S.W.2d 741 (1984), *cert. denied*, 470 U.S. 1062 (1985). Upon this record, appellant has not demonstrated such bias. Therefore, we cannot say that the trial judge abused his discretion by not excusing Ms. Raines for cause.

 Even had appellant been able to show that Ms. Raines should have been excused for cause, appellant's abstract does not reveal that he exhausted his peremptory challenges and that he was forced to take a juror he otherwise would have excused. Appellant's entire abstract of *voir dire* is as follows:

I live with my parents. My father is the Mayor of Stuttgart. He is the chief official of the police department here in Stuttgart. He is over the police department, over the Chief of Police. It might bother me if questions here today were asked that were unfavorable to the police department or did not make them look good with my father being the chief officer for the police department. I don't think it would bother me to the extent to influence my decision, but I cannot say for sure that it would not. I am almost positive but I am not totally for sure that I could put it aside. I would not feel obligated to cover up or do anything in the event the police were made to look bad. It

would not change my mind on the case one way or the other. I would base my decision on what I hear from the bench not on any consideration of the fact that my father is the Mayor.

On appeal, the record is confined to that which is abstracted. *Sutherland* v. *State*, 292 Ark. 103, 728 S.W.2d 496 (1987). Furthermore, when an error is alleged, prejudice must be shown, since we do not reverse for harmless error. *Berna* v. *State*, 282 Ark. 563, 670 S.W.2d 434 (1984), *cert. denied*, 470 U.S. 1085 (1985). Because appellant has not shown that he exhausted his peremptory challenges and was thereby forced to take a juror he otherwise would have excused, he has not shown that he was prejudiced by the court's denial of his motion to exclude the juror for cause.

Affirmed.

MAYFIELD, J., dissents.

COOPER, J., joins in this dissent.

MELVIN MAYFIELD, Judge, dissenting. I cannot agree with the majority opinion for three reasons.

(1). The state did not argue the merits of the primary point upon which the majority opinion bases its decision. The opinion holds the trial court did not abuse its discretion in failing to excuse a juror for cause. The state's brief does not even mention the trial court's discretion or attempt in any manner to justify the failure of the trial court to excuse this juror. The state simply stands on its assertion that this point "has not been properly preserved for appellate review." The juror the appellant sought to excuse for cause was the daughter of the mayor of the city in which the case was being tried. She had admitted on voir dire examination that her father was the chief official of the city police department and that she could not say for sure that this would not influence her decision in the case. Because the state's brief does not discuss the merits of that issue, I do not agree to base my decision on a point not even relied upon by the state.

(2). However, I do not agree that the point relied upon by the appellant was not properly preserved, and I particularly do not agree with the majority opinion's statement that the appellant

"has not shown that he exhausted his peremptory challenges and was thereby forced to take a juror he otherwise would have excused." In *Scherrer v. State*, 294 Ark. 227, 742 S.W.2d 877 (1988), the Arkansas Supreme Court said:

> Scherrer argues that because he had to use three of his peremptory challenges to strike jurors who should have been excluded for cause, he was forced to allow an objectionable juror to be seated. In order to preserve this point for appeal, an appellant must have exhausted his peremptory challenges and must show that he was later forced to accept a juror who should have been excused for cause. *Watson v. State*, 289 Ark. 138, 709 S.W.2d 817 (1986); *Hill v. State*, 275 Ark. 71, 628 S.W.2d 284 (1982).

294 Ark. at 233. In *Watson* and *Hill* cases cited in the above quote, the court relied upon *Conley v. State*, 270 Ark. 886, 607 S.W.2d 328 (1980), where it said:

> Despite the judge's failure to excuse, Conley's counsel accepted the twelve jurors who were ultimately seated; he had exhausted his peremptory challenges but he made no showing at all that he was forced to accept any juror against his wishes. In two cases exactly on point we found no reversible error when a peremptory challenge was used and the record failed to disclose that an undesirable juror was forced on the objecting party. *Arkansas State Highway Comm. v. Dalrymple*, 252 Ark. 771, 480 S.W.2d 955 (1972); *Green v. State*, 223 Ark. 761, 270 S.W.2d 895 (1954). In *Glover v. State*, 248 Ark. 1260, 455 S.W.2d 670 (1970) the defense used some of its peremptory challenges to remove unacceptable veniremen, but the defense made a record that had it not been required to use all of its peremptory challenges, a particular juror who was seated would have been challenged. In *Glover* we found that the error had been preserved and reversed the judgment.

270 Ark. at 888-89.

Now this is exactly the procedure followed by appellant's counsel in the present case. The majority opinion, however, suggests that the appellant's abstract *does not show* that this procedure was followed. Here is a reproduction of a portion of

page 10 of appellant's "Abstract and Brief."

> Melanie Raines, daughter of the Mayor of the City of Stuttgart was called as a prospective juror. Challenge for cause was made by the Defendant, but overruled. (TR58- 59) The Defendant excused Melanie Raines by exercising one (1) of his eight (8) peremptory challenges. After all peremptory challenges were exercised by the Defendant an attempt to exercise a peremptory challenge for a ninth juror was made. The trial court then attempted to correct the matter of denying the requested excuse for cause for Melanie Raines by allowing the Defendant an additional peremptory challenge. (TR74) The Defendant exercised the additional peremptory challenge by excusing Mr. Church. (TR75) Another juror, Mr. Martin, was called and the Defendant attempted to exercise a peremptory challenge which was denied. (TR75)

From the above, it is plain to see what occurred. The state contends that this is not a proper abstract because it appears on the first page of the argument section of appellant's brief. The majority opinion does not state that the majority does not understand what occurred or that the pages of the transcript referred to do not show what the appellant says they show. I do not know what more is needed, and I do not agree that the above abstract is not sufficient.

(3). The question remains as to whether any prejudice in the trial court's failure to excuse the mayor's daughter for cause was eliminated when the court granted appellant an additional peremptory challenge which was used to excuse the juror. It may be that this question is answered by the old case of *Brewer* v. *State*, 72 Ark. 145, 78 S.W. 773 (1904). In that case the appellant argued that a prospective juror should have been excused for cause; however, as in the instant case, the judge gave the appellant an extra peremptory challenge which was used to excuse the prospective juror. On appeal, the court found no error based upon the following rationale:

> [T]he record shows that before the jury was complete the presiding judge offered to allow the defendant one more peremptory challenge than the statute allows in order, as he said, "to cure any possible error in passing on qualifica-

tions of jurors." This offer was made after the defendant had exhausted all his peremptory challenges, and was accepted by the defendant, who thereupon challenged another juror. So far as the record shows, this action of the court placed the defendant in the same position he would have been had talesman Troxell been excused for cause, and cured any possible error made by the court in holding that he was competent. It was just the same as if the court had said: "I have changed my opinion, and now hold that the challenge for cause made by the defendant should be sustained, and will for that reason allow an extra challenge."

72 Ark. at 152.

But the above reasoning is clouded by the recent case of *Gardner* v. *State*, 296 Ark. 41, 754 S.W.2d 518 (1988), where the court discussed the appellant's tenth and eleventh points together. The tenth point was "that Arkansas Law allows additional peremptory challenges at the discretion of the Trial Court" and that it was an abuse of discretion to deny appellant's request for five additional peremptory challenges. The court said:

However, Gardner has failed to cite any authority for either broad proposition and has failed entirely to provide convincing argument on these points. If, without further research, it appeared at all that the arguments were well taken, we could ignore the failure to cite authority. Under the circumstances, because the arguments are so obviously lacking in merit and are unsupported by any citation of authority, we decline to research the issues on appellant's behalf and will not consider either point. *Ricarte* v. *State*, 290 Ark. 100, 717 S.W.2d 488 (1986); *Dixon* v. *State*, 260 Ark. 857, 545 S.W.2d 606 (1977).

296 Ark. at 62-63. Thus, it does not appear to be clear that the trial court has the discretion to allow additional peremptory challenges. Arguments can certainly be made against the exercise of such discretion. At best it would inject into the trial process an element of uncertainty which would probably not be welcomed by trial lawyers or judges.

To conclude, I do not agree to affirm this case on the basis

that the appellant's abstract is insufficient. I am also unwilling to affirm on the merits without the benefit of a brief from the state on the issues mentioned in this dissent.

COOPER, J., joins in this dissent.