16 F.3d 1227
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Dana A. HALL, Appellant,
v.
Michael GROOSE, Appellee.
 No. 93-1679.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 9, 1994.
Filed: February 22, 1994.
 
 Before BOWMAN, LOKEN, and HANSEN Circuit Judges.
 PER CURIAM.
 
 
 1
 Dana A. Hall appeals from the district court's[1] order denying his 28 U.S.C. Sec. 2254 habeas corpus petition. We affirm.
 
 I.
 
 2
 A St. Louis County jury convicted Hall of second-degree murder, first-degree assault, and two counts of armed criminal action. Hall was sentenced to a total of seventy-five years of imprisonment. Hall's convictions were affirmed on appeal. State v. Hall, 745 S.W.2d 745 (Mo. Ct. App. 1987).
 
 
 3
 Hall moved for state post-conviction relief under Missouri Supreme Court Rule 29.15, and appealed to the Missouri Court of Appeals, which summarily affirmed the judgment denying the motion. The Missouri Supreme Court summarily denied Hall's motion to recall the mandate. Next, Hall filed his first section 2254 habeas petition. Concluding that the petition contained some unexhausted claims, the magistrate judge recommended dismissal without prejudice, but noted that one claim-that the trial court erred in failing to give a self-defense jury instruction-lacked merit. The district court dismissed the petition, and Hall filed a state habeas petition under Missouri Supreme Court Rule 91, raising the previously unexhausted claims. The petition was summarily denied. Afterwards Hall filed his second federal habeas petition, reasserting fifteen claims. The district court, adopting the magistrate judge's recommendation, denied the instruction claim as successive, denied eight claims as procedurally barred, and denied six claims on their merits. Hall appeals.
 
 II.
 
 4
 Hall argues that the district court erred in not reaching the merits of his claim that the trial court erred in not giving a self-defense instruction based on the "appearance doctrine."[2] We conclude that the dismissal was proper because the claim is not cognizable in this habeas proceeding. Generally, jury instructions do not form a basis for habeas corpus relief. See, e.g., Brouillette v. Wood, 636 F.2d 215, 218 (8th Cir. 1980), cert. denied, 450 U.S. 1044 (1981). The burden of demonstrating that errors in jury instructions were sufficiently prejudicial to "support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal." Henderson v. Kibbe, 431 U.S. 145, 154 (1977). Hall has not carried the heavy burden of establishing that any alleged error in the instructions rose to the level of constitutional significance. He is therefore not entitled to relief on this issue. See Williams v. Lockhart, 736 F.2d 1264, 1267-68 (8th Cir. 1984).
 
 
 5
 Hall also claims that his trial and appellate counsel were ineffective for not raising the instruction issue in a motion for new trial and on direct appeal, respectively. As to trial counsel's alleged ineffectiveness, we agree with the district court that the claim is procedurally barred because Hall failed to raise it in his 29.15 motion. As to appellate counsel's alleged ineffectiveness, we agree with the district court that the claim is without merit.
 
 
 6
 Hall alleged that his counsel was ineffective for not cross-examining two witnesses concerning their prior inconsistent statements, and for not objecting to the prosecutor's comments and questions regarding Hall's statements to police and Hall's failure to mention self-defense. The state court's findings on Hall's 29.15 motion are entitled to a presumption of correctness, see 28 U.S.C. Sec. 2254(d), and, upon our review, the record supports those findings that the prosecutor's comments did not implicate Hall's right to remain silent and he did not impermissibly question Hall about his post-arrest statements. With respect to Hall's cross-examination claim, nowhere in his pleadings does he state what the prior inconsistent statements would have shown. Thus, Hall has not demonstrated that counsel acted unreasonably or that he was prejudiced.
 
 
 7
 We agree with the district court that four other ineffective- assistance claims were procedurally barred. First, Hall asserted in his motion to recall the mandate that trial counsel was ineffective for not contesting the victim's testimony that he had approximately forty, rather than seven, steel pellets in his head as a result of the shooting. Second, he asserted for the first time in his state habeas petition that counsel was ineffective for personally attacking the prosecutor and for not objecting to the prosecutor's personal attacks on counsel during their respective closing arguments, which was not decided on the merits. The third and fourth claims-that counsel was ineffective for not requesting a mistrial when a defense witness was arrested in the courtroom after testifying, and for failing to rebut factual errors in Hall's presentence report-were not raised in his 29.15 appeal.
 
 
 8
 Hall argues that he can overcome the procedural bar because he can prove he is actually innocent of the crime under Sawyer v. Whitley, 112 S. Ct. 2514, 2523 (1992), and that he is entitled to an evidentiary hearing to prove his actual innocence. We disagree. Under Sawyer, a procedurally defaulted claim may be reviewed on the merits under the miscarriage-of-justice exception only if the petitioner can "show by clear and convincing evidence that but for a constitutional error, no reasonable juror would have found the petitioner [guilty] under the applicable state law." Id. at 2515; McCoy v. Lockhart, 969 F.2d 649, 651 (8th Cir. 1992). Because Hall has made only bare allegations of actual innocence, a remand for an evidentiary hearing is unwarranted.
 
 
 9
 Hall argues that the district court erred in denying four ineffective assistance of counsel claims on their merits without an evidentiary hearing. An evidentiary hearing was not required on these claims if they could be resolved on the basis of the record. See Amos v. Minnesota, 849 F.2d 1070 (8th Cir.), cert. denied, 488 U.S. 861 (1988). As to the first three claims, Hall has not asserted how he was prejudiced by the alleged errors of his counsel: Hall did not assert a reasonable probability that the outcome would have been different had counsel objected to the sleeping juror or had counsel called Hall's neighbor to testify, and he did not identify what facts counsel should have presented in a reply brief. As to the fourth claim, the state court's findings on the 29.15 motion are entitled to a presumption of correctness, and we conclude that the record supports those findings.
 
 
 10
 Hall also claimed that his appellate counsel was ineffective for not arguing that the prosecutor's prejudicial comments during closing argument deprived him of a fair trial. Upon our review of the record, we agree with the district court's conclusion that Hall did not show the comments were unduly prejudicial or sufficient to deprive Hall of a fair trial, and thus, counsel's failure to appeal the issue did not constitute ineffective assistance.
 
 
 11
 Hall raises for the first time in this appeal a claim based on newly discovered evidence. He claims that his trial counsel operated under an actual conflict of interest and that he should be granted a remand for an evidentiary hearing. Federal appellate courts will not consider issues raised for the first time on appeal, unless "injustice might otherwise result." Ryder v. Morris, 752 F.2d 327, 332 (8th Cir.), cert. denied, 471 U.S. 1126 (1985). Here, Hall has failed to identify how any actual conflict adversely affected counsel's performance, and thus, no injustice will result from failing to address the issue. See Cuyler v. Sullivan, 446 U.S. 335, 348, 349 n. 14 (1980) (must show actual conflict adversely affected attorney's performance); United States v. Cox, 580 F.2d 317, 321-23 (8th Cir. 1978) (must identify actual conflict), cert. denied, 439 U.S. 1075 (1979).
 
 III.
 
 12
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri, adopting the report and recommendations of the Honorable Frederick R. Buckles, United States Magistrate Judge for the Eastern District of Missouri
 
 
 [2]
 The appearance doctrine is a rule affording a right of self-defense to a defendant when it appears to the defendant that the use of force in self-defense is justified by the situation. State v. Ferguson, 581 S.W.2d 132, 136 (Mo. Ct. App. 1979)