Chris JAMESON, # 869204, Petitioner,

v.

Louie L. WAINWRIGHT, Secretary, Dept. of Offender Rehabilitation, Respondent.

No. 82–5372

Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Nov. 17, 1983.

Stewart J. Bellus, Asst. Atty. Gen., West Palm Beach, Fla., for respondent.

Before HILL, JOHNSON and HENDER-SON, Circuit Judges.

PER CURIAM:

Chris Jameson was found guilty by a jury in a Florida state court of first degree murder and sentenced to life imprisonment. After exhausting available state remedies, Jameson filed a petition for writ of habeas corpus in the United States district court charging that he was denied a fair trial because the prosecution introduced and commented on evidence concerning other criminal activity. Specifically, Jameson asserted that his rights under the Sixth and Fourteenth Amendments were violated:

1. When the prosecutor produced testimony that petitioner was a business partner of a drug dealer, an admission that petitioner sold drugs for the dealer.

2. When, during closing argument, the prosecutor overstepped his bounds in commenting on collateral crimes, the fact that petitioner was selling drugs on the street.

The district court denied relief finding that the evidence was introduced only to show the setting of the case and the motive, plan, and intent of the defendant. On appeal to this court, Jameson contends that the district court erred in denying habeas corpus relief because the state prosecutor's introduction and comment on collateral drug crimes violated Jameson's right to a fair trial by an impartial jury.

In order for an evidentiary ruling to be cognizable in habeas corpus it must deprive the state court defendant of fundamental fairness. *Nettles v. Wainwright,*

677 F.2d 410, 414 (5th Cir. Unit B 1981). To constitute a denial of fundamental fairness, the evidence erroneously admitted at trial must be material in the sense of a crucial, critical, highly significant factor. *Id.* at 415; *Hills v. Henderson,* 529 F.2d 397, 401 (5th Cir.), *cert. denied,* 429 U.S. 850, 97 S.Ct. 139, 50 L.Ed.2d 124 (1976).

We find that Jameson was not deprived of fundamental fairness because the evidence objected to was properly admitted. Jameson admitted at trial that he sold narcotics for a man named Tony Pusey. The murder victim, Marvin Sutton, and another individual tried to rob Jameson of money and drugs he was carrying while selling drugs for Pusey. It was in retaliation for the robbery attempt that Jameson, Pusey, and an individual named Coley all took part in Sutton's murder.

■ Under Florida Statute § 90.404(2), evidence of other crimes, wrongs, or acts is admissible when relevant as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity. *See Williams v. State,* 110 So.2d 654, 658–63 (Fla.), *cert. denied,* 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959). The test for admissibility of other offense evidence is relevancy, not necessity. *Ruffin v. State,* 397 So.2d 277, 279 (Fla.), *cert. denied,* 454 U.S. 882, 102 S.Ct. 368, 70 L.Ed.2d 194 (1981). The evidence of Jameson's involvement with the sale of drugs to the victim was clearly relevant to his motive, plan, and intent to murder Sutton and was admissible under Florida law.

■ We also agree with the district court that the evidence of drug activity was also relevant to provide the jury with circumstances underlying the murder. Evidence of collateral crimes may be admitted to establish the entire context out of which the criminal conduct arose. *Smith v. State,* 365 So.2d 704, 707 (Fla.1978), *cert. denied,* 444 U.S. 885, 100 S.Ct. 177, 62 L.Ed.2d 115 (1979); *see also Hall v. State,* 403 So.2d 1321, 1324 (Fla.1981).

Jameson argues that the evidence of drug crimes was prejudicial and, therefore, should have been excluded from his murder trial. "The test for determining whether a defendant's prior crimes are admissible is relevancy, and, as long as the evidence of other crimes is relevant for any purpose the fact that it is prejudicial does not make it inadmissible." *Sireci v. State,* 399 So.2d 964, 968 (Fla.1981), *cert. denied,* 456 U.S. 984, 102 S.Ct. 2257, 72 L.Ed.2d 862 (1982). As the Florida Supreme Court has stated:

> So long as evidence of other crimes is relevant for any purpose the fact that it is prejudicial does not make it inadmissible. All evidence that points to a defendant's commission of a crime is prejudicial. The true test is relevancy.

*Ashley v. State,* 265 So.2d 685, 694 (Fla. 1972).

We also find, contrary to Jameson's assertion, that the evidence and comment regarding drug transactions was merely an incident of the murder trial and did not become a feature of the trial. *See Ruffin,* 397 So.2d at 281; *Hall,* 403 So.2d at 1324.

Finding no evidentiary error, we conclude that the evidence of drug activity, and the prosecutor's comments based upon that evidence, did not deprive Jameson of fundamental fairness. The district court's denial of the petition for writ of habeas corpus is

AFFIRMED.