**Donald Ray AMOS, Appellant,**

v.

**The STATE OF MINNESOTA and the Attorney General of the State of Minnesota, Appellees.**

No. 87–5144.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 11, 1988.

Decided June 14, 1988.

Scott F. Tilsen, Minneapolis, Mn., for appellant.

Beverly J. Wolfe, Minneapolis, Mn., for appellees.

Before LAY, Chief Judge, and McMILLIAN and ARNOLD, Circuit Judges.

McMILLIAN, Circuit Judge.

Donald Ray Amos appeals from a final order entered in the District Court[1] for the District of Minnesota denying his petition for writ of habeas corpus filed under 28 U.S.C. § 2254. On the recommendation of a United States Magistrate,[2] the district court denied the petition. *Amos v. State of Minnesota*, No. 4–84–599 (D.Minn. Mar. 13, 1987). For reversal, Amos argues as error that (1) he received ineffective assistance of counsel; (2) the testimony of the eight-year-old son of the murder victim was erroneously admitted into evidence; (3) relevant evidence was excluded; (4) improper jury instructions were given; and (5) his prior convictions were admitted into evidence without a cautionary instruction. Amos also argues the district court improperly denied him an evidentiary hearing on his claim of ineffective assistance of counsel. For the reasons set forth below, we affirm the order of the district court.

On August 7, 1982, Amos and John Coles, while driving separate vehicles, stopped directly facing each other at an intersection in Minneapolis, Minnesota. Upon seeing Coles, Amos, armed with a .22 revolver, got out of his car, ran diagonally across the intersection to the driver's side of Coles's car, and fired a shot into Coles's chest, killing him instantly. For a complete statement of the facts, see *State v. Amos*, 347 N.W.2d 498 (Minn.1984).

At trial Amos argued that he fired at Coles in self-defense and denied any premeditation or intent to kill. There was evidence that earlier that day Amos and Coles had an argument, an altercation followed, and Coles threatened to shoot Amos the next time he saw him. Amos retreated from the altercation. Amos then borrowed a gun to protect himself until Coles settled down. One to three hours later Amos shot Coles at the intersection. Amos testified that he and Coles made eye contact across the intersection and that Coles bent down as if to get something from under his car seat. Thinking Coles was reaching for a gun, Amos grabbed the revolver, ran across the intersection, and fired the shot that killed Coles. Amos left the scene but after hearing about Coles's death he surrendered to the police.

On November 16, 1982, Amos was convicted of first degree murder and sentenced to life imprisonment. The Minnesota Supreme Court affirmed his conviction. *State v. Amos*, 347 N.W.2d 498 (Minn. 1984). Amos filed a petition for habeas corpus on June 15, 1984. The district court dismissed the application based upon failure to exhaust all state remedies. On December 13, 1984, the case was re-opened to

---

1. The Honorable Harry H. MacLaughlin, United States District Judge for the District of Minnesota.

2. The Honorable Janice M. Symchych, United States Magistrate for the District of Minnesota.

consider Amos's objections. Amos's objections were overruled and his petition was dismissed without prejudice on September 27, 1985. Amos then filed an amended petition on May 16, 1986. On March 12, 1987, the district court summarily adopted the magistrate's report and recommendation to deny Amos's petition. This appeal followed.

Amos first argues the district court erred in denying him an evidentiary hearing on his ineffective assistance of counsel claim. Amos asserts inadequate representation by defense counsel citing five grounds: (1) counsel spent insufficient time with him in developing a coherent defense; (2) counsel neglected to make an effort to bring certain witnesses to court; (3) counsel neglected to insist on his (Amos's) presence during an *in-camera* conference with a child witness and the prosecutor; (4) counsel neglected to preserve a record and otherwise pursue a claim of discrimination in the jury selection process; and (5) counsel failed to request a cautionary instruction on impeachment. Amos contends that an evidentiary hearing would have permitted him to develop unresolved factual disputes that did not receive a full and fair hearing below. We disagree.

■ Under 28 U.S.C. § 2254(d) (1982), this court must presume that the state court's findings are correct. *Sumner v. Mata,* 455 U.S. 591, 597–98, 102 S.Ct. 1303, 1306–07, 71 L.Ed.2d 480 (1982). Under § 2254 an evidentiary hearing is unnecessary where the petitioner's allegations, even if true, fail to state a claim upon which habeas relief can be granted. *Brown v. Lockhart,* 781 F.2d 654, 656 (8th Cir.1986); *Edgemon v. Lockhart,* 768 F.2d 252, 255 (8th Cir.1985). Dismissal of a petition without a hearing is also proper if there is no dispute as to the facts, or if the dispute can be resolved on the basis of the record. *Brown v. Lockhart,* 781 F.2d at 656. There is no requirement of a hearing where the claim is "based solely on 'vague, conclusory, or palpably incredible' allegations or unsupported generalizations." *Beavers v. Lockhart,* 755 F.2d 657, 663 (8th Cir.1985) (quoting *Machibroda v. United*

*States,* 368 U.S. 487, 495, 82 S.Ct. 510, 514, 7 L.Ed.2d 473 (1962)). Here, the magistrate determined that the record, containing Amos's petition, the government's response, briefs, a Minnesota Supreme Court decision, and the trial transcript, was sufficient for deciding his claims. Amos offered only general allegations and failed to show what evidence he intended to present at the evidentiary hearing. We thus conclude the district court's denial of an evidentiary hearing was proper.

■ To prevail on a claim of ineffective assistance of counsel, Amos must establish that his attorney failed to exercise the customary skills and diligence of a reasonable attorney in similar circumstances and that he was materially prejudiced by this failure. *Strickland v. Washington,* 466 U.S. 668, 687–91, 104 S.Ct. 2052, 2064–67, 80 L.Ed.2d 674 (1984). Moreover, "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689, 104 S.Ct. at 2065. We must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance...." *Id.; Nance v. Benson,* 794 F.2d 1325, 1327 (8th Cir.1986). Here our review fails to reveal any unprofessional conduct. Hence, Amos has failed to carry his burden and produce any evidence supporting his claim of ineffective assistance of counsel. We, therefore, do not need to reach the issue of prejudice. We conclude that the district court did not err in denying habeas relief on this claim.

■ Amos next asserts the state trial court erred in admitting into evidence the testimony of the eight-year-old son of the murder victim. The child had witnessed the shooting of his father. Amos argues that the child was incompetent as a witness to testify and further asserts the child's testimony was improper because it was elicited through the use of leading questions on direct examination. He asserts this evidence denied him fundamental fairness under *Jameson v. Wainwright,* 719 F.2d 1125 (11th Cir.1983), *cert. denied,* 466 U.S. 975, 104 S.Ct. 2355, 80 L.Ed.2d 827 (1984) and "so infected the trial with prejudice as to make the resulting conviction a

denial of due process." *Donnelly v. De-Christoforo*, 416 U.S. 637, 647–48, 94 S.Ct. 1868, 1873–74, 40 L.Ed.2d 431 (1974). Amos further argues that the state trial court also erred in admitting into evidence the hearsay testimony of a police officer who had interviewed the child before trial. Amos argues the police officer's testimony exacerbated the error involving the child's testimony.

Here, Amos has failed to show the admission of the eight-year-old's testimony was error. In a habeas proceeding, this court may only intervene in a state judicial process to correct wrongs of constitutional dimension. *Wainwright v. Goode*, 464 U.S. 78, 104 S.Ct. 378, 78 L.Ed.2d 187 (1983) (per curiam); *Davis v. Wyrick*, 766 F.2d 1197, 1203 (8th Cir.1985), *cert. denied*, 475 U.S. 1020, 106 S.Ct. 1209, 89 L.Ed.2d 322 (1986).[3] Lacking constitutional dimension these contentions must fail.

■ Amos next argues that the district court erred in precluding him from introducing evidence about the details of Coles's prior conviction and violent nature and evidence relating to the violence of the neighborhood where the shooting occurred. Amos contends the exclusion of this defense evidence denied him a fair trial. We disagree. Questions concerning the admissibility of evidence are matters of state law that are only reviewable in federal habeas corpus proceedings to the extent that the alleged error infringed upon a constitutionally protected right or was so prejudicial that it constituted a denial of due process. *E.g. Nassar v. Sissel*, 792 F.2d 119, 123 (8th Cir.1986); *Hobbs v. Lockhart*, 791 F.2d 125, 127–28 (8th Cir.1986). Amos has not demonstrated that the alleged errors were such that they fatally flawed his trial. *See Manning-El v. Wyrick*, 738 F.2d 321, 323 (8th Cir.), *cert. denied*, 469 U.S. 919, 105 S.Ct. 298, 83 L.Ed.2d 233 (1984).

Amos next argues that the state trial court erred by refusing to give an instruc-

tion on the lesser included offense of first degree manslaughter. Amos contends this denied him a fair trial. Amos asserts his defense was directed at presenting sufficient facts to convince the jury that he acted in the heat of passion or under provocation.

■ Generally, improper jury instructions do not form a basis for federal habeas corpus relief. *Williams v. Lockhart*, 736 F.2d 1264 (8th Cir.1984). Habeas relief is available where "the error constitutes a fundamental defect that resulted in a complete miscarriage of justice or so infected the entire trial as to deprive the defendant of a fair trial." *Berrisford v. Wood*, 826 F.2d 747, 752 (8th Cir.1987). Here, the evidence failed to provide a rational basis for a jury to find either heat of passion or provocation. Amos had a fight with Coles earlier on the day of the crime. When he encountered Coles at the intersection, Amos left his car, ran across the intersection, and shot Coles. Moreover, several hours had elapsed between the earlier altercation and the shooting. We thus conclude the district court did not err in denying habeas relief on this ground.

Amos last argues that the admission of his prior convictions for impeachment purposes was improper. Amos was impeached by his prior convictions for robbery and aggravated rape. *State v. Amos*, 347 N.W. 2d at 502. Amos also contends the trial court's failure to *sua sponte* give a cautionary instruction was prejudicial and denied him a fair trial. We do not discern error.

■ Here Amos failed to demonstrate a specific constitutional violation or prejudicial error. Both the Federal Rules of Evidence and the Minnesota Rules of Evidence permit impeachment by prior convictions. Fed.R.Evid. 609; Minn.R.Evid. 609(a)(1). We further conclude Amos's related contention about the state trial

---

3. Under Minnesota law, children are competent to testify unless it is apparent that they are incapable of doing so. Minn.Stat. § 595.02(6) (1982); *see also State v. Amos*, 347 N.W.2d at 501 (the determination of witness competency is left to the discretion of the trial judge). As to

the admission of the police officer's testimony alleged as error, the Minnesota Supreme Court held that the officer's testimony was admissible as corroborating the child's testimony. *State v. Amos*, 347 N.W.2d at 501.

court's failure to *sua sponte* give a cautionary jury instruction about his prior convictions is meritless.

We have considered Amos's allegations of error on appeal and have thoroughly reviewed the record. We find no error of fact or law in the district court's ruling. Accordingly, the order of the district court is affirmed.