966 F.2d 1459
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Everett B. ROBINSON, Appellant,
v.
A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.
 No. 91-3604.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 5, 1992.
Filed: June 11, 1992.
 
 Before McMILLIAN, WOLLMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Everett B. Robinson, an Arkansas inmate, appeals from the district court's[1] order adopting the magistrate judge's[2] recommendation to deny relief on his petition filed pursuant to 28 U.S.C. § 2254. Robinson argues that he was entitled to an evidentiary hearing on his due process claim in order to demonstrate that a deputy sheriff had improper contact with the jury during its deliberations in his case.
 
 
 2
 The Arkansas Court of Appeals refused to consider Robinson's due process claim because it was raised for the first time on appeal and because his supporting affidavit had not been presented first to the trial court. The state court's reliance on this state procedural default constitutes an adequate and independent ground for its judgment affirming Robinson's conviction, and thus Robinson's claim is barred from federal habeas review. See Harris v. Reed, 489 U.S. 255, 262-63 (1989).
 
 
 3
 To avoid the procedural bar, Robinson must demonstrate cause for the default and prejudice as a result of the alleged due process violation. See Wainwright v. Sykes, 433 U.S. 72, 87 (1977). Robinson first asserts as cause for his default the ineffective assistance of trial counsel in failing to inform the court about the improper juror contact. However, the exhaustion doctrine "generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." Murray v. Carrier, 477 U.S. 478, 489 (1986). Robinson did not assert his claim of ineffective counsel on direct appeal as required by Arkansas law at the time of his sentencing, § ee Whitmore v. State, 771 S.W.2d 266, 269 (Ark. 1989), even though the trial judge had informed him of this requirement and Robinson acknowledged the court's instructions. Robinson could have raised this ineffectiveness claim without a trial transcript, as evidenced by the allegations in his affidavit, which he prepared prior to obtaining a copy of the transcript.
 
 
 4
 Robinson also asserts as cause for his default appellate counsel's ineffectiveness in failing to file a motion for a new trial or to seek a remand so the juror-contact issue could be developed by coram nobis prior to appeal. We decline to consider this issue as it is raised for the first time on appeal. See Ryder v. Morris, 752 F.2d 327, 332 (8th Cir.), cert. denied, 471 U.S. 1126 (1985).
 
 
 5
 Because Robinson's claim is procedurally barred from federal habeas review, no evidentiary hearing was necessary. See Amos v. Minnesota, 849 F.2d 1070, 1072 (8th Cir.), cert. denied, 488 U.S. 861 (1988).
 
 
 6
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable Stephen M. Reasoner, Chief Judge, United States District Court for the Eastern District of Arkansas
 
 
 [2]
 The Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas