**Guillermo GONZALEZ, Petitioner–Appellant,**

v.

**Richard L. ABBOTT, Warden, Respondent–Appellee.**

**No. 90–8280.**

United States Court of Appeals, Eleventh Circuit.

March 22, 1993.

Rehearing Denied April 27, 1993.

C. King Askew, Brinson, Askew & Berry, Rome, GA (Court-appointed), for petitioner-appellant.

Michael J. Bowers, Atty. Gen. of Ga., Paula K. Smith, Asst. Atty. Gen., Susan V. Boleyn, Sr. Asst. Atty. Gen., Atlanta, GA, for respondent-appellee.

Before TJOFLAT, Chief Judge, BIRCH, Circuit Judge, and RONEY, Senior Circuit Judge.

BIRCH, Circuit Judge:

Guillermo Gonzalez was convicted by a Georgia jury of conspiracy to traffic in cocaine and marijuana, and, in a separate

trial, of influencing a witness. Gonzalez's conviction was affirmed on direct appeal. 175 Ga.App. 217, 333 S.E.2d 132 (1985). After exhausting applicable state postconviction remedies, Gonzalez filed the present petition for habeas corpus relief. The district court denied his petition. We previously affirmed the denial of Gonzalez's petition on numerous claims, but certified a question to the Supreme Court of Georgia concerning the statute defining the offense of trafficking in cocaine, O.C.G.A. § 16–13–31. *Gonzalez v. Abbott,* 967 F.2d 1499 (11th Cir.1992). Guided by the answer of the Supreme Court of Georgia, 425 S.E.2d 272, we REVERSE the denial of Gonzalez's habeas petition with regard to the conviction for conspiracy to traffic in cocaine, but AFFIRM the denial of the petition with regard to the convictions for conspiracy to traffic in marijuana and influencing a witness.

## I. CONVICTION FOR CONSPIRACY TO TRAFFIC IN COCAINE

Before Gonzalez's conviction was final, the Georgia legislature repealed and reenacted O.C.G.A. § 16–13–31, the substantive offense on which Gonzalez's indictment and conviction for conspiracy to traffic in cocaine were premised. At the time the indictment was issued, the statute proscribed the possession "of 28 grams or more of cocaine or of any mixture containing cocaine." O.C.G.A. § 16–13–31(a) (Michie 1982). As reenacted, the statute reaches the possession "of 28 grams or more of cocaine or of any mixture with a purity of 10 percent or more of cocaine." O.C.G.A. § 16–13–31(a)(1) (Michie 1992). We therefore certified the following questions to the Georgia Supreme Court.

(1) WHETHER, AS A MATTER OF LAW, A CONVICTION FOR CONSPIRACY TO TRAFFIC IN COCAINE UNDER O.C.G.A. §§ 16–4–8, 16–13–31(a) IS VOID WHERE THE INDICTMENT ALLEGED A CONSPIRACY TO COMMIT THE CRIME OF POSSESSING A SUFFICIENT AMOUNT OF A SUBSTANCE CONTAINING COCAINE AND THE GEORGIA SUPREME COURT DENIED

REVIEW BY CERTIORARI AFTER JULY 1, 1985.

(2) WHETHER, AS A MATTER OF LAW, A CONVICTION FOR CONSPIRACY TO TRAFFIC IN COCAINE UNDER O.C.G.A. §§ 16–4–8, 16–13–31(a) IS VOID WHERE THE INDICTMENT ALLEGED A CONSPIRACY TO COMMIT THE CRIME OF POSSESSING A SUFFICIENT AMOUNT OF A SUBSTANCE CONTAINING COCAINE AND ALLEGED THAT THE DEFENDANT COMMITTED THE OVERT ACT OF POSSESSING 945 GRAMS OF COCAINE AT A CERTAIN TIME, AND THE GEORGIA SUPREME COURT DENIED REVIEW BY CERTIORARI AFTER JULY 1, 1985.

*Gonzalez,* 967 F.2d at 1507–08. The Supreme Court of Georgia answered both questions in the affirmative. *Gonzalez v. Abbott,* 262 Ga. 671, 425 S.E.2d 272 (1993). Based on the invalidity of the indictment, we reverse the denial of habeas relief with regard to the conviction for conspiracy to traffic in cocaine.

## II. CONVICTIONS FOR CONSPIRACY TO TRAFFIC IN MARIJUANA AND FOR INFLUENCING A WITNESS.

Gonzalez contends that his conviction for conspiracy to traffic in marijuana cannot stand because the evidence introduced on the invalid cocaine conspiracy count prejudiced his trial on the marijuana count. We reserved this question pending the resolution of Gonzalez's cocaine conviction. *Gonzalez,* 967 F.2d at 1504 n. 5.

The erroneous admission of evidence under state law is not a ground for federal habeas relief unless, as a result of the error, the defendant's conviction violated the Constitution, laws, or treaties of the United States. *Estelle v. McGuire,* —— U.S. ——, ——, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991). "In order for an evidentiary ruling to be cognizable in habeas corpus it must deprive the state court defendant of fundamental fairness." *Jameson v. Wainwright,* 719 F.2d 1125, 1126 (11th Cir.1983) (per curiam), *cert. denied,*

466 U.S. 975, 104 S.Ct. 2355, 80 L.Ed.2d 827 (1984).

While the evidence of the cocaine conspiracy was not properly admissible in support of the void cocaine count, it was relevant as evidence of Gonzalez's intent under the marijuana count. The Georgia courts will admit evidence of other crimes or wrongdoings where there is sufficient evidence to show that the defendant committed the extrinsic act and that act is sufficiently similar to the charged offense. *Hamilton v. State*, 239 Ga. 72, 235 S.E.2d 515, 517 (1977). Under these conditions, such evidence may be admitted for the purpose of showing identity, motive, plan, scheme, bent of mind, or course of conduct. *Id.* Ample evidence was introduced at trial to connect Gonzalez with the extrinsic act of conspiring to traffic in cocaine. Further, as we have recognized in the application of Fed.R.Evid. 404(b), previous drug offenses are generally probative of the defendant's intent with regard to a drug distribution offense. *See, e.g., United States v. Pollock*, 926 F.2d 1044, 1049 (11th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 593, 116 L.Ed.2d 617 (1991); *United States v. Hernandez*, 896 F.2d 513, 520–22 (11th Cir.), *cert. denied*, 498 U.S. 858, 111 S.Ct. 159, 112 L.Ed.2d 125 (1990); *United States v. Bennett*, 848 F.2d 1134, 1137–38 (11th Cir.1988). The admission of the evidence concerning Gonzalez's previous distribution of cocaine, therefore, did not render his trial fundamentally unfair. *See, e.g., Estelle*, —— U.S. at ——, 112 S.Ct. at 481 (petitioner's conviction was not unfair where evidence was probative of an element of the charged offense); *Jameson*, 719 F.2d at 1127 (conviction not unfair where evidence of previous drug offense was probative of motive, plan, and intent with regard to present offense). The state introduced ample evidence to support Gonzalez's conviction on the marijuana conspiracy count; the evidence pertaining to his cocaine trafficking activities therefore was not a "crucial, critical, highly significant factor" in the conviction on the marijuana count. *Jameson*, 719 F.2d at 1127.

Gonzalez also seeks reversal of his conviction for influencing a witness who was to testify at his trial on the cocaine and marijuana conspiracy counts. Specifically, he argues that, since his indictment for the cocaine conspiracy counts was a nullity, there was no "matter pending in any court" at which the threatened witness was to testify. *See* O.C.G.A. § 16–10–93. Because the trial on the marijuana charges was not tainted by either the void cocaine indictment or the evidence introduced on that count, however, there was a valid pending proceeding on the marijuana charges that would satisfy the requirements of Section 16–10–93. Moreover, Gonzalez has not shown that either Section 16–10–93 or due process require that the pending proceeding at which the influenced witness is to testify withstand a subsequent collateral attack.

### III. CONCLUSION

The denial of Gonzalez's petition with regard to the cocaine conspiracy counts is REVERSED. We AFFIRM the denial of the petition on the marijuana conspiracy conviction and on the conviction for influencing a witness.