996 F.2d 1221
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Robert Wayne CRAIG, Appellant,
v.
Michael GROOSE; William L. Webster, Appellees.
 No. 92-3868.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 11, 1993.
Filed: June 16, 1993.
 
 Before BOWMAN, MAGILL, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Robert Wayne Craig, a Missouri inmate, appeals from the District Court's[1] disposition of his 28 U.S.C. § 2254 (1988) habeas petition. We affirm.
 
 
 2
 Craig was convicted of rape, first-degree robbery, first-degree burglary, and armed criminal action. Craig was sentenced to two consecutive life sentences, with thirty-year and three-year sentences to run concurrently. Craig filed a direct appeal, and later filed a motion for postconviction relief. After the motion for postconviction relief was denied at the circuit court level, the Missouri Court of Appeals consolidated the appeal from that decision with the direct appeal and affirmed. State v. Craig, 774 S.W.2d 584 (Mo. Ct. App. 1989). Craig then filed a motion to recall the appellate mandate, which was summarily denied. He subsequently filed a state habeas corpus action, which also was summarily denied. In July 1990, he filed this petition, raising twelve grounds for relief.
 
 
 3
 We conclude that the District Court did not err in dismissing Grounds 1, part of 4, and 5 through 12 as defaulted because of Craig's failure to adhere to state procedural rules. Craig could have raised all of these issues in state court on direct appeal or in an appropriate postconviction motion. He attempted, however, to raise these issues through improper methods. Those attempts did not cure Craig's procedural defaults. See Byrd v. Delo, 942 F.2d 1226, 1231-32 (8th Cir. 1991). Because Craig has not established cause for these defaults or actual prejudice to him from the alleged errors, and because he has not demonstrated that he falls within the "actual innocence" exception to cause-and-prejudice analysis, we conclude that his defaults preclude federal habeas review of these grounds.
 
 
 4
 We agree with the District Court that Craig's Grounds 2, 3, and part of 4 (which were not defaulted) should be denied as meritless. Finally, we conclude that the District Court did not err in denying Craig's request for an evidentiary hearing. See Amos v. Minnesota, 849 F.2d 1070, 1072 (8th Cir.), cert. denied, 488 U.S. 861 (1988).
 
 
 5
 Accordingly, we affirm the judgment of the District Court.
 
 
 
 [1]
 The Honorable Edward L. Filippine, Chief Judge, United States District Court for the Eastern District of Missouri