2 F.3d 1154
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Lenner PARKER, Appellant,
v.
Larry W. NORRIS, Acting Director, Arkansas Department of
Correction, Appellee.
 No. 93-1594.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 26, 1993.
Filed: August 2, 1993.
 
 Before FAGG, BOWMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Lenner Parker, an Arkansas inmate, appeals from the District Court's[1] denial of his habeas petition under 28 U.S.C. Sec. 2254 (1988). We affirm.
 
 
 2
 Parker was convicted of delivery of crack cocaine and sentenced to twenty years in prison and a $12,500 fine. On direct appeal, Parker's retained counsel filed an Anders[2] brief. Parker was notified of his right to file a supplemental pro se brief, but he did not do so. The Arkansas Court of Appeals affirmed the conviction in an unpublished opinion. Parker pro se later petitioned the Arkansas Supreme Court to permit him to file a postconviction motion in circuit court under Arkansas Rule of Criminal Procedure 37. In an unpublished opinion, the Arkansas Supreme Court held that Parker's claims were procedurally barred from review because he had not raised them at the proper time or in the proper manner. Parker then filed this petition, raising several of the same claims he had presented to the state courts.
 
 
 3
 Parker concedes that he has defaulted on his claims, but argues that the cumulative effect of his pro se status, his illiteracy, and disagreements he had with trial and appellate counsel over strategy constituted cause for his defaults. We do not agree. We have rejected previously claims that lack of education and pro se status constitute cause for procedural defaults. See, e.g., Cornman v. Armontrout, 959 F.2d 727, 729 (8th Cir. 1992); Stanley v. Lockhart, 941 F.2d 707, 709-10 (8th Cir. 1991). Further, we will not generally second-guess the trial strategy of counsel. Finally, we conclude that the District Court did not err in not granting an evidentiary hearing to Parker prior to dismissing his petition. See Amos v. Minnesota, 849 F.2d 1070, 1072 (8th Cir.) (evidentiary hearing unnecessary in Sec. 2254 action where matter may be decided on record), cert. denied, 488 U.S. 861 (1988).
 
 
 4
 Accordingly, we affirm the judgment of the District Court.
 
 
 
 [1]
 The Honorable Garnett Thomas Eisele, Senior United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas
 
 
 [2]
 See Anders v. California, 386 U.S. 738 (1967)