965 So.2d 189 (2007)
Willie F. WALKER, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-12.
District Court of Appeal of Florida, Third District.
August 29, 2007.
*190 Bennett H. Brummer, Public Defender, and Clayton R. Kaeiser, Special Assistant Public Defender, for appellant.
Bill McCollum, Attorney General, and Jennifer Falcone Moore, Assistant Attorney General, for appellee.
Before GERSTEN, C.J. and COPE, J., and SCHWARTZ, Senior Judge.
COPE, J.
Willie Frank Walker appeals his convictions for attempted second degree murder and other offenses. We affirm in part and reverse in part.
Defendant-appellant Walker contends that the trial court erred by allowing the prosecution to introduce a 911 tape of a call made by a neighbor asking the police to send an officer to investigate what sounded like a domestic disturbance in the apartment of defendant-appellant Walker. The trial court correctly overruled the defense objection which was based on the Confrontation Clause of the United States Constitution. See Davis v. Washington, ___ U.S. ___, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006).
The defendant also objected that, owing to an evident delay in the neighbor's placing of the 911 call, the tape did not qualify as a spontaneous statement or excited utterance under the Evidence Code. See § 90.803(1),(2), Fla. Stat. (2004). Assuming for purpose of discussion that there was any error, the statement made by the caller was harmless beyond a reasonable doubt, in view of the other evidence in the case. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986).[1]
The defense argues that it was a double jeopardy violation to convict the defendant in count two of kidnapping and in count three of attempted felony murder. The first step of the double jeopardy analysis is to inquire "whether each offense has an element that the other does not." Gordon v. State, 780 So.2d 17, 20 (Fla. 2001) (citations omitted); § 775.021(4)(a), Fla. Stat. (2003).[2] For this analysis we look solely to the statutory elements of each crime. Gordon, 780 So.2d at 20.
*191 We conclude that each offense has a statutory element the other does not. For kidnapping under subparagraph 787.01(1)(a)3., the defendant must forcibly, secretly, or by threat confine, abduct, or imprison the victim against his or her will, without lawful authority, with intent to inflict bodily harm upon or terrorize the victim.[3] While confinement is required, there is no requirement for an overt act which inflicts bodily harm or terrorizes the victim. All that is required is the intent to inflict bodily harm or terrorize.
For attempted felony murder, the statute requires that the defendant either perpetrate or attempt to perpetrate an enumerated felony.[4] The defendant must, in addition, commit, aid, or abet an intentional act that is not an essential element of the enumerated felony and that could, but does not, cause death. Attempted felony murder thus requires an overt act which could, but does not, inflict death. As the Florida Supreme Court said of the predecessor to this statute, "the Legislature clearly evinced its intent to create a new and substantive offense which is to be scored and sentenced separately from the enumerated felony. . . ." Gordon, 780 So.2d at 22 n. 5. We conclude that the two offenses have separate statutory elements.
The second step of the required double jeopardy analysis is to determine if any of the statutory exceptions are applicable. The exceptions are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
§ 775.021(4)(b), Fla. Stat. (2003).
As to exception 1, the elements of proof are not identical. As to exception 3, neither offense is a category 1 lesser of the other. See State v. Florida, 894 So.2d 941, 947 (Fla.2005).
As to exception 2, the case law inquires whether the two crimes involve the same "core offense" or "degree variant." See State v. Florida, 894 So.2d at 948 (citing Sirmons v. State, 634 So.2d 153, 154 (Fla. 1994)). The crime of kidnapping punishes the defendant's confinement of a person against his or her will. See Boyd v. State, 910 So.2d 167, 184 (Fla.2005). Attempted felony murder punishes the potential of the defendant's act to cause death. See State v. Florida, 894 So.2d at 949. These *192 are different core offenses and are not degree variants of the same crime. We therefore conclude that there was no double jeopardy violation in convicting and sentencing the defendant on count two, kidnapping, and count three, attempted felony murder.
Finally, the defendant argues that it was a double jeopardy violation for him to be convicted in count one of attempted second degree murder and in count three of attempted felony murder. The defendant relies on Mitchell v. State, 830 So.2d 944, 946-47 (Fla. 5th DCA 2002), which is on point. We agree with the Fifth District. We remand with directions to vacate the conviction and sentence either on count one or count three. The defendant need not be present.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.
NOTES
[1] On the 911 tape, the neighbor said that he could hear screaming and this had been occurring off and on all day. When police officers arrived, they found the victim bloody and badly injured all over her body, with visible scarring remaining at the time of trial.
[2] The crime date for these counts was July 11, 2003.
[3] Subsection 787.01(1), Florida Statutes (2003), provides:

(1)(a) The term "kidnapping" means forcibly, secretly, or by threat confining, abducting, or imprisoning another person against her or his will and without lawful authority, with intent to:
1. Hold for ransom or reward or as a shield or hostage.
2. Commit or facilitate commission of any felony.
3. Inflict bodily harm upon or to terrorize the victim or another person.
4. Interfere with the performance of any governmental or political function.
(b) Confinement of a child under the age of 13 is against her or his will within the meaning of this subsection if such confinement is without the consent of her or his parent or legal guardian.
[4] Subsection 782.051(1), Florida Statutes (2003), provides:

(1) Any person who perpetrates or attempts to perpetrate any felony enumerated in s. 782.04(3) and who commits, aids, or abets an intentional act that is not an essential element of the felony and that could, but does not, cause the death of another commits a felony of the first degree, punishable by imprisonment for a term of years not exceeding life, or as provided in s. 775.082, s. 775.083, or s. 775.084, which is an offense ranked in level 9 of the Criminal Punishment Code. Victim injury points shall be scored under this subsection.