[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-13902
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cv-23251-MGC


WILLIE WALKER,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 30, 2012)

Before MARCUS, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Willie Walker, a Florida state prisoner proceeding *pro se*, appeals the

district court's denial of his 28 U.S.C. § 2254 habeas petition, raising ineffective-assistance-of-counsel, double-jeopardy, and Confrontation Clause claims. Because we conclude that the state court properly and reasonably applied the relevant Supreme Court case law, we affirm the denial of habeas relief.

## I.

Walker filed a *pro se* § 2254 habeas petition, alleging multiple errors in his state criminal trial. Relevant to our review, Walker argued that his trial counsel was constitutionally deficient under *Strickland v. Washington*, 466 U.S. 668 (1984), by failing to (1) file a motion to sever various counts for trial; (2) call his brother as an alibi witness; and (3) object to testimony regarding other crimes. Walker also argued that his convictions on two counts constituted double jeopardy under *Blockburger v. United States*, 284 U.S. 299 (1932), and that the admission of a 911 tape violated his rights under the Confrontation Clause, *Crawford v. Washington*, 541 U.S. 36 (2004), and *Davis v. Washington*, 547 U.S. 813 (2006).[1]

According to the record, Walker was convicted in 2004 of attempted second degree murder, kidnapping, aggravated battery, assault, lewd and lascivious battery upon a minor, and unlawful sexual activity with a minor. He was

---

[1] These are the five claims for which the district court granted a certificate of appealability. We therefore limit our discussion to these claims.

2

sentenced to life plus thirty years' imprisonment.  In his direct appeal, Walker argued that the trial court erred by admitting the 911 tape, and that his convictions for attempted felony murder and kidnapping amounted to double jeopardy.  The state appellate court affirmed his convictions on direct appeal, finding that there was no Confrontation Clause issue with the admission of the 911 tape and that there was no double jeopardy concern because the two counts involved different elements.[2]  *Walker v. State*, 965 So.2d 189 (Fla. Dist. Ct. App. 2007).

Thereafter, Walker moved for post-conviction relief under Florida Rule of Criminal Procedure 3.850, raising the relevant claims.  The state court denied the motion, finding that there was no basis to sever the counts at trial, there was no error in failing to call Walker's brother because his testimony would have been cumulative, and there was no error in the admission of testimony concerning the death of the victim's fetus because it was relevant to show the injuries the victim received.  Regarding Walker's double-jeopardy claims, the state court found that kidnapping and attempted felony murder had different elements and, thus  there was no double jeopardy concern.  On appeal, the state appellate court summarily affirmed.  *Walker v. State*, 19 So.3d 325 (Fla. Dist. Ct. App. 2009).

---

[2]  The state court did find a double-jeopardy problem with respect to two other counts (attempted murder with a deadly weapon and attempted felony murder), and it remanded with instructions to vacate the conviction and sentence on either count.

Walker then filed this § 2254 petition, arguing that the state court unreasonably applied federal law when it affirmed his convictions on direct appeal and denied his state post-conviction motion.

The district court found that the state court correctly applied federal law and denied relief. First, the district court found that the state court properly applied *Strickland* in finding that Walker suffered no prejudice from trial counsel's failure to move to sever or to call Walker's brother as an alibi witness. As to Walker's claim of deficient counsel based on the admission of evidence about the death of the victim's fetus, the district court found that Walker had not pointed to specific testimony to which counsel should have objected. The court further found that there was no double-jeopardy problem because the two counts at issue had different elements. Finally, the district court found that the state court properly concluded that the 911 call was nontestimonial and thus its admission did not violate the Confrontation Clause. Accordingly, the district court denied habeas relief. This is Walker's appeal.

## II.

We review a district court's denial of a habeas petition under § 2254 *de novo* and its factual findings for clear error. *Sims v. Singletary*, 155 F.3d 1297, 1304 (11th Cir. 1998). A habeas petition based on ineffective assistance of

counsel presents a mixed question of law and fact that we review *de novo*. *Id.*

A federal court may not grant habeas relief on claims that were previously adjudicated in state court unless the state court's adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d)(1)-(2). A state court's decision is contrary to clearly established Supreme Court precedent if it arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Borden v. Allen*, 646 F.3d 785, 817 (11th Cir. 2011), *cert. denied*, 132 S.Ct. 1910 (2012). The "unreasonable application[] of clearly established Federal law" clause within § 2254(d)(1) permits federal habeas relief if the state court correctly identified, but unreasonably applied, the governing legal principle from Supreme Court precedent to the facts of the petitioner's case. *Id.* at 817.

For a state prisoner to meet § 2254(d)'s highly deferential standard, he "must show that there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents—that the

5

state court's ruling was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Hardy v. Comm'r, Ala. Dept. of Corr.*, 684 F.3d 1066, 1075 (11th Cir. 2012) (alterations and internal quotation marks omitted). This deference applies as long as the state court has rejected a claim on its merits, even if it did not provide an explanation. *Harrington v. Richter*, 131 S.Ct. 770, 784-85 (2011). If no reasons accompany the decision, the petitioner still bears the burden of showing that "there was no reasonable basis for the state court to deny relief." *Id.* at 784.

The district court granted Walker a certificate of appealability on five issues, three of which address the ineffectiveness of his trial counsel. The other two claims question the state court's application of double jeopardy and Confrontation Clause case law. We address each in turn.

III.

In *Strickland*, the Supreme Court set out a two-part inquiry for claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show

6

> that the deficient performance prejudiced the defense.
> This requires showing that counsel's errors were so
> serious as to deprive the defendant of a fair trial, a trial
> whose result is reliable.

*Strickland*, 466 U.S. at 687.  A habeas petitioner claiming ineffective assistance of counsel must succeed on both prongs of the *Strickland* test.  *Johnson v. Alabama*, 256 F.3d 1156, 1176 (11th Cir. 2001).  On the first prong, the petitioner must overcome the presumption that counsel's challenged action "might be considered sound trial strategy" by showing that "no competent counsel would have taken the action that his counsel did take."  *Sullivan v. DeLoach*, 459 F.3d 1097, 1108-09 (11th Cir. 2006).

Prejudice is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.  A reasonable probability is one sufficient to undermine confidence in the outcome.  *Id.*  "It is not enough for the defendant to show that the error[] had some conceivable effect on the outcome of the proceeding."  *Id.* at 693.  He must show a reasonable probability that the result would have been different.  *Id.*

If the defendant makes an insufficient showing on the prejudice prong, the court need not address the performance prong, and *vice versa*.  *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000).  Counsel's failure to address an issue that is

7

without merit cannot constitute ineffective assistance. *Owen v. Sec'y Dept. of Corr.*, 568 F.3d 894, 916 (11th Cir. 2009).

### A. Severance

Both the Florida and the Federal Rules of Criminal Procedure provide for joinder of two or more offenses that are "based on the same act or transaction" or "on 2 or more connected acts or transactions." Fla. R. Crim. P. 3.150(a); *see also* Fed. R. Crim. P. 8(a). The Florida Supreme Court has explained that this permits the joinder of offenses that are causally related because they "stem from the same underlying dispute and involve the same parties." *Spencer v. State*, 645 So.2d 377, 382 (Fla. 1994).

Although Walker cites several cases from this circuit dealing with severance of trials for different defendants, he points to no Supreme Court case on point indicating that three of his counts should have been severed from the remaining counts and tried separately. Nor has he shown that the result would have been different. The jury acquitted him on two counts, which indicates that the jury separately considered each count despite the joinder of all the counts. Walker has not shown that counsel's performance was deficient or that the result would have been different had the counts been severed, and he did not show that the state court unreasonably applied *Strickland* or any other federal law when it denied

8

relief on this ground.

### B. Alibi Witness

Where a claim of ineffective assistance is based on counsel's failure to call a witness, the burden to show prejudice is heavy because "often allegations of what a witness would have testified to are largely speculative." *Sullivan*, 459 F.3d at 1109. Defense counsel must conduct a pretrial investigation that is reasonable under the circumstances. *Futch v. Dugger*, 874 F.2d 1483, 1486 (11th Cir. 1989). The manner of investigating or presenting a particular line of defense, however, "is a matter of strategy and is not ineffective unless the petitioner can prove that the chosen course, in itself, was unreasonable." *Brownlee v. Haley*, 306 F.3d 1043, 1060 (11th Cir. 2002) (internal quotation marks omitted).

Here, the state court concluded that counsel did not render deficient performance by failing to interview and call Walker's brother as an alibi witness because his testimony would have been cumulative in light of the testimony provided by other witnesses. The record also reflects that Walker's brother was an inmate at a state correctional institution at the time he filed his affidavit. Counsel likely made a strategic decision because the testimony would have been cumulative and the jury could have viewed the testimony as incredible. Accordingly, Walker failed to show that counsel's decision not to call his brother

9

as a witness was unreasonable or that the result of his trial would have been different if his brother had testified.  Thus, he has not shown that the state court's conclusion was contrary to, or an unreasonable application of, federal law, including *Strickland*.  Moreover, because the record shows that Walker was not entitled to relief on this claim, there was no error in denying Walker's request for an evidentiary hearing.  *See* 28 U.S.C. § 2254(e)(2).

### C.  Admission of Evidence

The Fourteenth Amendment to the U.S. Constitution provides:  "No State shall . . . deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV.  The Supreme Court has explained that this requires "a fair trial before an impartial and properly instructed jury."  *Rivera v. Illinois*, 556 U.S. 148, 162 (2009).

"[I]f a state trial judge erroneously admitted evidence in violation of a state law and the error made the petitioner's trial so fundamentally unfair that the conviction was obtained in violation of the due process clause of the [F]ourteenth [A]mendment, we will give habeas relief."  *Thigpen v. Thigpen*, 926 F.2d 1003, 1012 (11th Cir. 1991).  The admission of evidence is fundamentally unfair if it is "material in the sense of a crucial, critical, highly significant factor."  *Id.* (internal quotation marks omitted).  Even if a state court erroneously admits evidence of

10

bad acts other than those for which a defendant is on trial, provided that the other evidence of his guilt is overwhelming, he has not been deprived of a fair trial. *Id.*

Florida law permits the admission of relevant evidence unless the law provides otherwise. Fla. Stat. § 90.402. "Relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence." *Id.* § 90.403; *see also* Fed. R. Evid. 403. Additionally:

> [s]imilar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.

Fla. Stat. § 90.404(2)(a). Evidence of a victim's injuries is relevant to prove, among other things, the intent element of an assault charge. *Nettles v. Wainwright*, 677 F.2d 410, 415 n.3 (11th Cir. 1982).

Walker has not shown that the admission of evidence about the death of the victim's fetus deprived him of a fundamentally fair trial. This evidence was relevant and admissible to show the extent of the victim's injuries.

Even if the state court erroneously allowed it to be admitted, and counsel was ineffective for failing to object, the evidence of his guilt was otherwise

11

overwhelming. The evidence at trial showed that Walker kept the victim in an efficiency apartment and beat her so badly that the scars were still visible at trial a year later. Thus, Walker has not shown that the state court's admission of this evidence, or defense counsel's failure to object to its admission, rendered his trial so fundamentally unfair as to deprive him of due process. Accordingly, he is not entitled to relief on this claim.

## IV.

The Fifth Amendment provides that no person "shall . . . be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Supreme Court delineated the scope of the Double Jeopardy Clause in *Blockburger*, where it analyzed a defendant's convictions for several crimes arising from various drug sales. 284 U.S. at 301. As the Court explained, "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one[] is whether each provision requires proof of a fact which the other does not." *Id.* at 304.

Here, Walker alleged that his convictions for kidnapping and attempted felony murder constituted double jeopardy. Under Florida law, kidnapping is defined as "forcibly, secretly, or by threat confining, abducting, or imprisoning

12

another person against his or her will and without lawful authority, with intent to . . . [i]nflict bodily harm upon or to terrorize the victim or another person." Fla. Stat. § 787.01(1)(a)(3). On the other hand, attempted felony murder is defined as "[a]ny person who perpetrates or attempts to perpetrate any felony [including kidnapping] and who commits . . . an intentional act that is not an essential element of the felony and that could, but does not, cause the death of another." *Id.* §§ 782.051(1), 782.04(1)(a)(2)(f). Thus, under the statutes, attempted felony murder requires an overt act that is not an element of the underlying felony.

In evaluating Walker's double-jeopardy claim, the state appellate court relied on *Gordon v. State*, 780 So.2d 17, 19-22 (Fla. 2001), *abrogated on other grounds by Valdes v. State*, 3 So.3d 1067 (Fla. 2009), which applied *Blockburger* and provided a framework for evaluating double jeopardy claims under both the U.S. and Florida Constitutions. Under this framework, the state court properly concluded that the kidnapping and attempted felony murder counts each had separate elements–the overt act–that the other did not and, as a result, Walker's convictions on those counts did not violate his double jeopardy rights.

V.

The Sixth Amendment to the U.S. Constitution protects an accused's right, in a criminal prosecution, to "be confronted with the witnesses against him." U.S.

13

Const. amend. VI. The protection of the Confrontation Clause extends to defendants in both federal and state prosecutions. *Crawford*, 541 U.S. at 42. It applies to testimonial statements, which may include statements taken by police during interrogations. *Id.* at 52.

The Supreme Court has distinguished between nontestimonial and testimonial statements in this manner:

> Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.

*Davis*, 547 U.S. at 822. In *Davis*, the Court explained that, because the victim had called 911 as events were happening and faced an ongoing emergency, and the questions that she answered were designed to resolve the emergency, her statements were nontestimonial. *Id.* at 827.

The Florida appellate court applied *Davis* to conclude that the state trial court properly overruled Walker's objection. Although the anonymous caller drove to a pay phone to call 911, he sought to resolve an ongoing emergency and provided answers to the dispatcher to enable the police to respond. There is no

14

Supreme Court case directly on point, but the result reached by the Florida court is consistent with *Davis*. Walker has not shown that this result is contrary to, or an unreasonable application of, federal law.

For the foregoing reasons, Walker was not entitled to habeas relief, and we affirm the district court's denial of his § 2254 petition.

**AFFIRMED.**